IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1873-03






LYDIA H. BOWEN, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


WISE COUNTY





 Cochran, J., filed a dissenting opinion.


O P I N I O N 



 I agree with the majority that the statutory defenses of self-defense under Texas
Penal Code, section 9.31, and necessity under section 9.22 are not mutually exclusive in
the context of a resisting arrest prosecution. However, I do not think that the court of
appeals said that they were. (1) Rather, both the trial court and the court of appeals stated
that given the specific evidence in this particular case, appellant's defense was wholly
encompassed by the trial court's instructions on self-defense. I agree with that conclusion
and therefore respectfully disagree with the majority's holding.

 In this case, the evidence concerning precisely how Officer Hamilton arrested
appellant was hotly contested. In deciding whether the trial court erred in submitting
instructions on a statutory defense, courts look to whether there is any evidence that raises
all of the elements of that defense. (2) Thus, we look only to the evidence that supports
submission of instructions on self-defense and necessity. 

 Appellant testified that she knew Officer Hamilton was attempting to arrest her,
but she also testified that 

 * Officer Hamilton, in doing so, "kicked out her legs" when he executed a
"takedown"; then he pushed her face into the dirt ;


 * She had not used any force against him before he kicked her legs out from
under her;


 * His kicking her legs and forcing her into the dirt caused her great pain;


 * She struggled because she could not breathe with her face in the dirt;



 * Officer Hamilton (and another officer) then lifted her up from the ground
holding only the handcuffs and her forearms;


 * The officers' use of force in lifting her up in this manner made her arm pop
out of the socket;


 * She kicked at Officer Hamilton to make him stop lifting her up and holding
her in this painful manner.


The thrust of all of appellant's testimony was that she did not use any force against
Officer Hamilton until he used unnecessary, excessive, and very painful force against her.

He started it by using unreasonable physical force to effect her arrest and she reacted only
to protect herself. This testimony clearly raises an issue of self-defense under subsection
9.31(c). (3) Section 9.31(b), however, explicitly states that

 The use of force against another is not justified ... to resist an arrest or
search that the actor knows is being made by a police officer,... unless the
resistance is justified under Subsection (c).


Thus, the legislature has, in no uncertain terms, stated that one is not justified in using
force to resist an arrest unless the "resistance" is justified under subsection (c). 
Subsection (c) is the section appellant invoked with her testimony and that is the section
under which the able trial judge instructed the jury.

 Both the trial judge and the court of appeals were very careful to limit their denial
of a necessity instruction because of appellant's specific testimony. The court of appeals
noted that 

 the trial court stated that [it] did not feel that the facts of the case raised the
defense of necessity and that self-defense was the appropriate defensive
submission under the evidence involving force against a police officer. (4)


The court of appeals upheld the trial court's assessment of the evidence and stated that it did
"not believe that this admission [that she kicked the officer without intent to resist arrest]
entitles her to submission of the necessity defense under the facts of this case." (5) 

 Appellant's position-with which the majority agrees-is that "I used force against
Officer Hamilton's use of excessive force not to resist arrest, but simply to stop the pain. 
Therefore, I am entitled to an instruction on necessity." This argument proves too much. 
"Stopping the pain" or "preventing the injury" from the officer's use of excessive force is the
very purpose of the statutory justification of self-defense to resisting arrest. (6) As the court of
appeals aptly noted,

 Accepting Appellant's argument would allow any person to obtain submission
of a necessity defense based upon a struggle involving use of force against a
police officer when that person knows they are being placed under arrest, by
later claiming he or she was only trying to avoid being hurt. (7)


That is precisely the practical, though perhaps unintended, effect of the majority's holding
in this case. And it is precisely for that reason that I cannot agree with the majority. The
Legislature explicitly rejected this position by enacting subsection 9.31(b) which specifically
precludes any justification for the use of force in resisting arrest except that justification set
out in subsection 9.31(c). 

 Necessity, on the other hand, is a "choice of evils" defense. (8) The defendant 
intentionally or knowingly commits a criminal offense to avoid a greater evil or greater harm. 
To invoke such a defense, "the pressure must operate upon the mind of the defendant rather
than upon his body." (9) The rationale behind this defense is that "the law ought to promote the
achievement of higher values at the expense of lesser values, and sometimes the greater good
for society will be accomplished by violating the literal language of the criminal law." (10)

 That said, when might a necessity defense apply to a prosecution for resisting arrest? 
When the defendant intentionally and knowingly resists arrest because he has a higher public
duty to perform which cannot be performed if he is arrested: the defendant must stop the
passenger-laden train from crashing into the rock on the track; he must save the children from
drowning on a raft that is floating down the swollen river; he must get his wife to the hospital
before she has their first child in the backseat of the car; and so forth. (11) In other words, the
necessity is a harm that is separate and independent from the use of force to resist arrest and
"the desirability and urgency of avoiding the harm [the train wreck, the drowning, the back-seat delivery] clearly outweigh ... the harm sought to be prevented by the law [resisting
arrest] proscribing the conduct." (12) 

 As Professor LaFave points out

 The defenses of self-defense and defense of others are also related to the
defense of necessity, justifying intentional homicide or the intentional
infliction of bodily injury in cases where it is necessary to save the life of, or
to prevent injury to, the defendant or another. It has been said that self-defense
and defense of others constitute a part of the law of necessity which has
attained relatively fixed rules. (13)


That is, the statutory defense of self-defense is a codification of a subset of the necessity
defense and permits the use of force against another under whatever specific circumstances
are set out by the legislature. The Texas Legislature has specified the circumstances under
which one may intentionally use force to resist arrest in subsection 9.31(c). And, in
subsection 9.31(b), it has explicitly limited the intentional use of force to resist an arrest to
only those circumstances set out in subsection (c). 

 Given these statutory provisions and the evidence in this case, I must agree with the
trial court and court of appeals which both held that appellant was not entitled to a separate
instruction on the defense of necessity. I, therefore, respectfully dissent.


Cochran, J.

Filed: May 4, 2005

Publish 
1. See Bowen v. State, 117 S.W.3d 291, 295 (Tex. App. - Fort Worth 2003).
2. Thomas v. State, 678 S.W.2d 82, 85 (Tex. Crim. App. 1984) (trial court erred in failing
to submit requested charge on defense of necessity). In Thomas, this Court set out the general
statement of the law:

 It is axiomatic that a defendant is entitled to an affirmative defensive
instruction on every issue raised by the evidence regardless of whether it is strong,
feeble, unimpeached, or contradicted, and even if the trial court is of the opinion
that the testimony is not entitled to belief.

Id. at 84.
3. Subsection 9.31(c) of the Texas Penal Code provides

 The use of force to resist an arrest or search is justified:

 (1) if, before the actor offers any resistance, the peace officer (or person acting at his
direction) uses or attempts to use greater force than necessary to make the arrest or
search; and

 (2) when and to the degree the actor reasonably believes that force is immediately
necessary to protect himself against the peace officer's (or other person's) use or
attempted use of greater force than necessary.
4. 117 S.W.3d at 295.
5. Id. at 297.
6. Appellant also makes a compelling argument concerning the "eggshell" defendant who
resists the use of perfectly reasonable, non-excessive force by the police officer because this
reasonable force causes this particular defendant great pain although it would not cause a person
of ordinary physical fitness pain. She claims that the defense of necessity exists for this situation. 
It does not. In that situation, the defendant is simply not guilty of a crime because she is not
"intentionally" preventing a peace officer from effecting an arrest by using force against the
officer. For example, appellant might have testified that Officer Hamilton was using perfectly
reasonable force in pulling her arms behind her back to handcuff her. She, however, has horrible
bursitis and the mere touching of her arm sent her into paroxysms of pain. She reacted
instinctively against this excruciating pain by pulling away, kicking out, thrashing about, spitting,
or whatever. This is not conduct that is intended to prevent her arrest, it is "pain avoidance"
conduct which denies an element of the offense: the intent to prevent or obstruct the officer from
effecting an arrest. For this defense, one needs no special jury instruction because it is the denial
of an element of the crime, not the "confession and avoidance" of an element of the crime. 
Appellant did not testify that she was an "eggshell" defendant or that Officer Hamilton used only
reasonable force. But to the extent that her testimony indicated that her conduct was motivated
only by "pain avoidance," not an intent to prevent her arrest, she is still simply denying one of the
State's essential elements- using force with the intent to prevent or obstruct her arrest. 
7. Id. at 296-97.
8. See generally, Wayne R. LaFave, Substantive Criminal Law §10.1 (2d ed. 2003).
9. Id., § 10.1(a), at 117.
10. Id. at 118.
11. Professor LaFave sets out numerous examples of the appropriate invocation of the
"choice of evils" necessity defense. LaFave, § 10.1(c), at 121-24.
12. Tex. Pen. Code § 9.22(2).
13. Id., § 10.1(c) at 121. Professor LaFave notes that "when the provision in the criminal
code 'deals specifically and comprehensively with the use of force in defense of self, third
persons, and premises,' a defendant 'who is unable to present an effective defense under these
specific provisions is precluded from justifying his use of force under the general provision for
competing harms.'" Id. n.24 (quoting State v. Crocker, 506 A.2d 209 (Me. 1986)).